**Below is the Order of the Court.**

Timothy W. Dore
**U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

SOLAVEI, LLC,

               Debtor.

No. 14-14505

INTERIM ORDER AUTHORIZING USE
OF CASH COLLATERAL, GRANT OF
ADEQUATE PROTECTION AND
SETTING FINAL HEARING

This matter came before the Court on the Motion ("Motion") of Solavei, LLC, debtor-in-

possession herein ("Debtor"), pursuant to §§ 361 and 363 of the Bankruptcy Code, Fed. R. Bankr. P.

("FRBP") 4001(b) (d), Local Bankruptcy Rule 4001 2 – 3, and 9013-1(d)(2)(E), for the entry of an Order

authorizing, on an interim basis, the Debtor's use of cash collateral pursuant to a Budget (defined

below), authorizing the Debtor to grant, on an interim basis, adequate protection in favor of parties

("Secured Parties" [1]) asserting liens ("Prepetition Liens") in substantially all of the assets of the

---

[1] "Secured Parties" means Opus Bank, T-Mobile USA, Inc., Oliver C. Carmichael, Dale Dir, William Burnett, David Burnett,
The Glen Leven Limited Partnership, Foundation for Healthy Relationships, Van Katzman, Christopher Hurley, Noel Howe, Allin1
LLC, Maritch Energy Services, Foxx Family Partnership, Belwether Charitable Fund, Heather Yeghnazar, Patrick Yeghnazar, Ron

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 1

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

Debtor including but not limited to deposit accounts, accounts, inventory, goods, equipment and general intangibles ("Prepetition Collateral" as to which the Debtor seeks to use "cash collateral" as defined under Bankruptcy Code § 363(a) ("Cash Collateral")). The Court has reviewed the files and records herein and makes the following findings of fact:

**FINDINGS OF FACT**

A.     The Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code ("Case") on June 11, 2014 (the "Petition Date"). The Debtor has retained control over its assets and continues to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B.     The Debtor sent notice of the hearing on the Motion to Secured Creditors, the U.S. Trustee, the twenty largest unsecured creditors, and state and federal taxing authorities. Such notice is adequate and reasonable under the circumstances pursuant to F.R. Bankr. P. 4001 and Local Bankruptcy Rule 4001 and$^{-3}$ 9013-1(d)(2)(E). This matter is properly considered on shortened time due to the necessity for the Debtor to have access to cash to operate its ongoing business operations.

C.     The Debtor is a private company with ongoing operations selling goods and services to consumers through an online model created by the Debtor. As of May 31, 2014 it had approximately 51 employees and approximately 101,500 active mobile customers.

D.     As detailed in the Motion, the Debtor requires the use of Cash Collateral to continue its ongoing operations in the ordinary course of business, and in order to avoid disruption of such

---

Lewis, James A. Spangler, Joshua Gooden, Otr, Inc., Rosalie Holcomn, Hopedene Ventures, LLP, Gracie Jane Adams Trust, George Nolley Enterline Trust, Melissa Nolley Adams Living Trust, James Lea Adams Living Trust, Sohail Quadri, Jonathan Miller, Kimberly Clark Adams Living Trust, Julie Catherine Adams Living Trust, Cottonwood Partnership, Cottonwood Investments, LLC, Joseph Delozier, Graymar Investors Partnership, Helpisphere L.L.C., John Locher, Pickford Investments, LLC, Parker Ferguson, Permalon Limited, Tarrango Limited, Brian Turner, David Limp, William Gray Stream, Stream Investment Holdings, LLC., Foxx Family Partnership, Ltd., Stream Investment Holdings, Uplan Resources, Solar V Investments, LLC, Thomas C. Mulholland Revocable Dynastic Wealth Preservation Trust of 2004, Gray Stream, Rosalie Holcomb, Brian Turner, Josh Gooden, David Limp, Teresa Dir.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 2

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

operations. The Court finds and concludes that the Debtor and the estate will suffer immediate and irreparable harm if the relief approved hereby is not granted.

E.     The Debtor represents that it is unable to obtain financing and, except Cash Collateral, has no other source from which to fund the budgeted expenses necessary to preserve and protect the assets of the estate.

F.     Pursuant to §§ 361 and 363 of the Bankruptcy Code, the Debtor has agreed to provide adequate protection of Secured Parties' interests in the Prepetition Collateral on the terms provided for herein and the budget attached hereto as Exhibit A (as amended in accordance herewith, the "Budget").

G.     As part of the Budget and the Debtor's request to use Cash Collateral, the Debtor proposes to create and fund a professional fund ("Professional Fund") on a postpetition basis in order to pay the Debtor's and the Official Unsecured Creditors Committee's ("Committee") professional fees and costs as the Court may authorize and allow by subsequent order following notice and hearing ("Professional Fund"). The Debtor proposes to deposit all funds budgeted for the Professional Fund with Bush Strout & Kornfeld LLP, attorneys for the Debtor, where such funds would be held in trust pending further order of the court following notice and hearing. The Debtor believes that the proposed Professional Fund is appropriate given the size and nature of this Case and the likely creation and participation of a Committee in this Case. H.  Based on the record before this Court, including the Debtor's Cash Collateral Budget, proposed reporting to the Secured Parties, the fact that ongoing operations will continue to maximize the value of the Debtor's assets and this estate, and the granting of replacement liens to the Secured Parties to secure any diminution in the value of their interests which may occur as a result of the Debtor's use of Cash Collateral, the Court finds that, on an interim basis, the interests of the Secured Parties are adequately protected, as contemplated by §§ 361 and 363 of the Bankruptcy Code.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 3

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

**ORDER**

Based on the foregoing findings, it is hereby

**ORDERED as follows:**

1.     <u>Motion Granted</u>.  The Debtor's Motion is granted on an interim basis pursuant to the terms and conditions of this order (this "<u>Interim Order</u>").

2.     <u>Use of Cash Collateral</u>.  Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use Cash Collateral in an amount not to exceed the total amount set forth in the Budget (the "<u>Maximum Amount</u>") for use through the close of business Seattle time (the "<u>Expiration Time</u>") on the date set for the Final Hearing (defined below).  The Debtor's authority to use Cash Collateral shall terminate automatically without further order of this Court if a final or further interim order is not entered on or before the Expiration Time.  Any amounts paid by the Debtor pursuant to this Interim Order and in accordance with the Budget shall be paid free of any lien of any Secured Party.

3.     <u>Budget</u>.  Without Opus Bank's prior written consent and subject only to subsections (a) through (c) of this section, the Debtor is not authorized to make any expenditures except in accordance with the Budget and this Interim Order and for fees of professionals retained pursuant to terms set forth in further orders of the Court.

a.     With prior notice to and/or approval of Opus Bank, the Debtor may reallocate payments from cash collateral among Budget line items (other than adequate protection payments to Opus Bank).  The Budget may be amended from time to time with the written consent and/or at the request of Opus Bank and the Debtor and on notice to any Creditors' Committee (if and when formed), <u>provided</u> <u>that</u> such amended Budget (i) shall be in a form and substance acceptable to Opus Bank, in its reasonable discretion, (ii) the Debtor shall remain bound by this Interim Order and its

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 4

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

obligation hereunder to comply with the Budget (as amended) and (iii) is filed by the Debtor with the Court promptly. Such amended Budget shall remain in effect unless a party in interest files and serves an objection on counsel for the Debtor, the Secured Parties and the Creditors' Committee (if and when formed) and requests a hearing with respect thereto, but no later order of the Court shall impair any payment previously made in accordance with such amended Budget.

b. The Debtor's payment of any Fixed Expense (defined below) with Cash Collateral (i) shall not exceed the corresponding expense line item set forth in the Budget for such Fixed Expense by more than ten percent (10%) in any one week and (ii) the total amount of Cash Collateral used to pay all Fixed Expenses in any one week shall not exceed the total amount set forth in the Budget for all Fixed Expenses for that week by more than five percent (5%); provided that the Debtor may defer and pay a Fixed Expense budgeted for one week during any of the succeeding weeks so long as the cumulative expenditures from the Petition Date through the week when such deferred payment is made do not exceed the cumulative budgeted amount (i) for such Fixed Expense line item by more than 10% and (ii) for all Fixed Expense line items by more than 5%. The Debtor's total actual expenditures on all Variable Expenses during any week shall not exceed the Budgeted amount of all Variable Expenses for such week by a greater percentage than the actual Net Revenues for the preceding four weeks, cumulatively, exceed the Budgeted amount of Net Revenues for the preceding four weeks, cumulatively. For purposes of this paragraph, "Variable Expenses" means the following specific line items in the Budget: T-Mobile, Commissions, 3Ci, Merchant Solutions, NCO, Other, and Taxes and "Fixed Expenses" means all line items in the Budget that are not Variable Expenses.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 5

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

c.      To the extent that any of the items set forth in the Budget became due prior to the Court's entry of this Interim Order (but subsequent to the Petition Date), the Debtor is authorized to use Cash Collateral to pay such items after the entry of the Interim Order and such items shall be treated as having been paid during the week set forth in the Budget for purposes of determining whether the Debtor is in compliance with the Budget.

4.      Adequate Protection Lien and § 507(b) Rights.  As adequate protection for the diminution of any interest that Secured Parties are determined to hold in the Prepetition Collateral as a result of Debtor's use of Cash Collateral, Secured Parties are each hereby granted a replacement lien ("Postpetition Lien") in the Debtor's postpetition assets of the same kind, type, and nature as the Prepetition Collateral that are acquired after the Petition Date ("Postpetition Collateral") and in the same priority, relative to other liens, such Secured Party held on a prepetition basis.  Any replacement lien granted by this paragraph shall be in the same priority, validity and enforceability as any prepetition lien securing the claim of such Secured Party in the same type of assets and, under 11 U.S.C. § 510, shall be subject to the terms of any and all intercreditor subordination agreements executed by and among the Secured Parties in favor of Opus Bank.  To the extent of any diminution in value ultimately due to Cash Collateral use not otherwise protected by the replacement lien granted herein, each Secured Party shall retain its rights under 11 U.S.C. § 507(b) ("507(b) Claim").  The replacement lien and retention of rights under 11 U.S.C. § 507 constitute adequate protection of Secured Parties' interest in the Prepetition Collateral during the term of this Interim Order, but shall not prejudice the rights of any Secured Party to request additional adequate protection at any time.

5.      Evidence of Postpetition Liens.  This Interim Order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the Postpetition Liens

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 6

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

6.     <u>Additional Adequate Protection</u>. As additional adequate protection to the Secured Parties, the Debtor shall:

    a.     continue to maintain insurance on its assets as the same existed as of the Petition Date;

    b.     Provide to each Secured Party and the Unsecured Creditors Committee (if and when formed), on or before the 10th day of each month, a report reflecting actual revenues and expenses for the prior month, as compared to the Budget for that month; and

    c.     timely pay amounts designated in the Budget to be paid to Opus Bank as they become due.

7.     <u>Surcharges</u>. The Court reserves all rights to determine whether any surcharge should be imposed on the Prepetition Collateral of any Secured Party pursuant to any future motion filed under 11 U.S.C. § 506(c) and none of the Secured Parties consent to any such surcharge by their agreement to, or failure to object to the entry of this Interim Order, but each Secured Party reserves all of its defenses to any such motion.

8.     <u>Effective Date and Binding Effect</u>. This Interim Order shall be effective as of the date and time of entry hereof and be binding upon the Debtor, all parties in interest in this Case, and their respective successors and assigns, including any trustee or other fiduciary appointed in this Case or any subsequently converted bankruptcy case(s) of Debtor. This Interim Order shall also inure to the benefit of the Secured Parties, the Debtor, and their respective successors and assigns. The provisions of this Interim Order, any § 507(b) Claim, any and all rights, remedies, privileges, interests, and benefits in favor of Secured Parties provided or acknowledged in this Interim Order, and any actions

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND SETTING FINAL HEARING – Page 7

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

taken pursuant thereto, shall be effective immediately upon entry of this Interim Order pursuant to Bankruptcy Rules 4001 and 7062, shall continue in full force and effect, and shall survive entry of any other order, including without limitation any order which may be entered confirming any plan of reorganization, converting this Case to any other chapter under the Bankruptcy Code, or dismissing this Case. Any order dismissing the Case under 11 U.S.C. § 1112 or otherwise shall provide by virtue of this Interim Order (in accordance with 11 U.S.C. §§ 105 and 349) that (a) the rights of the professionals shall continue in full force and effect to the greatest extent permitted by applicable law, notwithstanding such dismissal, and (b) notwithstanding such dismissal, this Court shall retain jurisdiction over any § 507(b) Claim, the Professional Fund, and the rights, privileges, interests, and benefits provided or acknowledged in this Interim Order to the fullest extent permitted by applicable law.

9. <u>Expedited Hearing on Default</u>. In the event of any material breach or default by the Debtor under the terms of this Interim Order, Opus Bank shall be entitled to a hearing on shortened notice, subject to the Court's calendar, regarding whether the automatic stay should be modified as a result of the failure of the Debtor to provide the adequate protection required by this Interim Order.

10. <u>Objections Overruled</u>. All objections to the Motion (if any) with respect to entry of this Interim Order are hereby overruled.

11. <u>Professional Fund</u>. By entry of this Interim Order the Court does not approve or authorize disbursements from the Professional Fund and the Debtor shall not make any scheduled Professional Fund payments during the term of this Interim Order, provided that the Debtor reserves the right to request Court approval of all scheduled disbursements into the Professional Fund at the next hearing set by this Court regarding further use of cash collateral.

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND SETTING FINAL HEARING – Page 8

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1
Case 14-14505-TWD    Doc 24    Filed 06/16/14    Ent. 06/16/14 08:13:35    Pg. 8 of 10

1

12.    Final Hearing.  The final hearing on the Motion (the "Final Hearing") is hereby set for

2

Friday, July 11, 2014 at 11:00 a.m.

3

4                          / / /End of Order/ / /

5

Presented by:

6

BUSH STROUT & KORNFELD

7

8    By____/s/ Armand J. Kornfeld
Armand J. Kornfeld, WSBA #17214

9    Christine M. Tobin-Presser, WSBA #27628
Attorneys for Solavei, LLC, debtor in possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

INTERIM ORDER AUTHORIZING USE OF CASH
COLLATERAL, GRANT OF ADEQUATE PROTECTION
AND  SETTING FINAL HEARING – Page 9

BUSH STROUT & KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2043 20131 zf134812n1

# Solavei LLC

| Week Number | Week1 | Week2 | Week3 | Week4 | Week5 | Week6 | Week7 | Week8 | Week9 |
|---|---|---|---|---|---|---|---|---|---|
| Week Beginning | 6/11 | 6/18 | 6/25 | 7/2 | 7/9 | 7/16 | 7/23 | 7/30 | 8/6 |
| **Net Revenues (Received in bank)** | 979,765 | 904,076 | 883,672 | 961,000 | 895,045 | 905,190 | 836,926 | 892,551 | 865,111 |
| **Disbursements** | | | | | | | | | |
| T-Mobile | - | - | - | 190,000 | 190,000 | 190,000 | 190,000 | 611,009 | 611,009 |
| Enabil | - | - | - | - | - | - | - | 125,000 | - |
| Global Logic | - | - | - | - | - | - | - | 140,000 | - |
| Member Support - NCO/Sales Force | 48,010 | - | - | - | - | - | - | 125,000 | - |
| Cash Processing - 3CI/RED | - | - | - | 1,200 | - | - | - | 53,867 | - |
| Jenkon/Jenetek | 30,000 | - | 15,000 | 79,167 | - | 80,830 | - | 2,533 | - |
| Merchant Solutions | - | - | - | - | - | - | - | 120,000 | - |
| Commissions | - | - | - | - | 525,000 | - | - | - | - |
| Promotional Expense | - | - | - | 43,750 | - | - | - | - | 500,000 |
| Payroll and Employee Expenses | 2,500 | - | 322,500 | - | 278,000 | 2,500 | 305,000 | 50,000 | - |
| Insurance | - | 15,000 | - | 47,798 | - | - | 15,000 | 2,500 | - |
| Office | 40,246 | - | 2,000 | 100,000 | 3,000 | - | - | 42,030 | - |
| Contract Labor | - | - | 2,787 | - | - | - | - | 73,440 | - |
| Marketplace Vendor Support Development | - | - | 50,000 | - | - | - | - | 43,438 | - |
| Jive | - | - | - | - | - | - | - | 211,500 | - |
| System Hosting | 42,477 | - | - | - | - | - | - | 158,583 | - |
| Other | - | - | - | 4,500 | - | - | - | 32,317 | - |
| Taxes (Some quarterly payments) | 40,316 | 322,571 | 45,116 | - | 126,438 | 230,545 | 42,116 | 67,202 | 31,928 |
| Utilities | - | - | 168 | 250 | - | 2,250 | - | 418 | - |
| **Total Operating Disbursements** | 203,548 | 337,571 | 437,570 | 466,665 | 1,122,438 | 506,125 | 552,116 | 1,858,837 | 1,142,937 |
| **Total Operating Cash Flow** | 776,217 | 566,504 | 446,102 | 494,335 | (227,393) | 399,065 | 284,810 | (966,285) | (277,825) |
| **Banking Related Items** | | | | | | | | | |
| Interest | - | - | 50,000 | - | - | - | - | 35,000 | - |
| Professional Fund | - | - | 50,000 | - | - | - | - | 105,000 | - |
| US Trustee | - | - | - | - | - | - | - | 6,500 | - |
| **Total Disbursements** | 203,548 | 337,571 | 537,570 | 466,665 | 1,122,438 | 506,125 | 552,116 | 2,005,337 | 1,142,937 |
| **Total Net Cash Flow** | 776,217 | 566,504 | 346,102 | 494,335 | (227,393) | 399,065 | 284,810 | (1,112,785) | (277,825) |
| **Cash Balance** | | | | | | | | | |
| **Cash Balance** | | | | | | | | | |
| Beginning Balance | 369,815 | 1,146,032 | 1,712,536 | 2,058,638 | 2,552,973 | 2,325,580 | 2,724,644 | 3,009,455 | 1,896,669 |
| (+) Cash Collections | 979,765 | 904,076 | 883,672 | 961,000 | 895,045 | 905,190 | 836,926 | 892,551 | 865,111 |
| (-) Cash Disbursements | (203,548) | (337,571) | (537,570) | (466,665) | (1,122,438) | (506,125) | (552,116) | (2,005,337) | (1,142,937) |
| **Ending Cash Balance** | 1,146,032 | 1,712,536 | 2,058,638 | 2,552,973 | 2,325,580 | 2,724,644 | 3,009,455 | 1,896,669 | 1,618,844 |



EXHIBIT A